tiff to the relief demanded. *Burr* v. *De La Vergne,* 102 N. Y. 415; *American Stoker Co.* v. *Underfeed Stoker Co.,* 182 Fed. Repr. 642; *Johnson Furnace & Eng. Co.* v. *Western Furnace Co.,* 178 id. 819, 823. The complaint must be dismissed on the merits, with costs.

Complaint dismissed, with costs.

---

ARTHUR WOLFSOHN COMPANY, INC., Plaintiff, *v.* MAX JAFFE et al., Defendants.

(Supreme Court, New York Special Term, March, 1915.)

Contracts — written agreements — action based on — when complaint defective — pleading — when defendant's motion for judgment on the pleadings denied and plaintiff's motion for like judgment granted.

Where an action is based not only on a written contract between the parties but also on the implied obligation of defendants to pay certain cash claimed to have been received by them for the account of the plaintiff in connection with the transaction under the written agreement, the complaint is not defective in substance for a failure to allege specifically that under the written agreement as pleaded and that alone a balance is due plaintiff, and where a demurrer to the complaint admits that the balance under the contract together with the cash collected by defendants in connection therewith exceeds all defendants' charges the complaint states a *prima facie* case and defendants' motion for judgment on the pleadings will be denied and plaintiff's motion for a like judgment will be granted.

CROSS MOTIONS under section 547, Code of Civil Procedure, for judgment on the pleadings.

Rosenthal & Heermance, for plaintiff.

Brisen & Knauth, for defendants.

GUY, J.   Cross motions are made under section 547
of the Code for judgment on the pleadings, consisting
of the amended complaint and defendants' demurrer.
The complaint alleges the execution by the parties of
a written agreement that the defendants would ad-
vance for the account of the plaintiff from time to
time sufficient funds to enable the plaintiff to import
the merchandise of foreign manufacturers; that the
plaintiff would cause such merchandise to be shipped
to the defendants, and as sold by the plaintiff assign
the customers' invoices on such sales to the defendants
in lieu thereof, the defendants to credit the plaintiff
with the amounts of such invoices, collect the same and,
after reimbursing themselves for the amount of their
advances, together with the necessary charges on the
merchandise and deducting a commission for their
services, to pay over to the plaintiff on demand the
balance of the fund; said agreement to remain in force
until canceled by either party in the manner pre-
scribed therein.   The plaintiff pleads the agreement
in legal effect as aforesaid, alleges due performance
and the cancellation of the contract as prescribed
therein prior to the beginning of the action; that dur-
ing the existence of the agreement and in pursuance
thereof the defendants received from the plaintiff
assigned invoices, all of which the defendants have
collected, '' and in addition thereto received for the
plaintiff's account in connection with said transac-
tions under said agreement various sums in cash,
which said assigned and collected invoices and cash
amounted in the aggregate to the sum of $103,719.54;''
that out of said moneys so received and collected the
defendants have reimbursed themselves for the
amount of their advances for the purchase of the mer-
chandise, also for their necessary charges thereon and
commissions, such advances, charges and commissions

amounting in the aggregate to the sum of $95,348.39, and that by reason of said facts there is due and owing from the defendants to the plaintiff $8,371.15, no part of which has been paid, although demanded. The defendants contend that the complaint is insufficient because it fails to allege that after charging the amount of the defendants' advances, charges and commissions against the moneys collected by the defendants on the assigned invoices, any balance remains due to the plaintiff, the plaintiff's allegation being that the moneys collected on the assigned invoices, together with " various sums in cash " received by the defendants " for the plaintiff's account in connection with said transactions under said agreement," exceed the defendants' advances, charges and commissions by the sum of $8,371.15. I do not think the complaint is defective in substance because it fails to show specifically that under the written agreement as pleaded, and that alone, a balance is due the plaintiff. The plaintiff's action is based not only on the written contract, but also on the alleged implied obligation of the defendants to pay the cash claimed to have been received by them for the account of the plaintiff in connection with the transactions under the written agreement. And as the demurrer admits that the balance under the contract, together with the cash collected by defendants in connection therewith, exceeds all the defendants' charges, I think the complaint states a *prima facie* case. Defendants' motion for judgment on the pleadings denied, with ten dollars costs. Plaintiff's motion granted, with ten dollars costs.

Ordered accordingly.